**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 19-0982-DOC (MAAx) | Date: July 19, 2019 |

Title: ALEJANDRO ZAMARRIPA V. SUPERIOR TALENT RESOURCES, INC., ET AL

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Deborah Lewman</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING MOTION TO REMAND [14]**

Before the Court is Plaintiff Alejandro Zamarripa's ("Plaintiff") Motion to Remand ("Motion") (Dkt. 14). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion.

**I.   Background**

**A.   Facts**

The following allegations are taken from Plaintiff's Complaint ("Compl.") (Dkt. 1-1). Plaintiff was employed by Defendant from approximately July 2018 to September 2018. Compl. ¶ 4. Plaintiff brings this action on behalf of himself and the following class:

> All non-exempt employees of [Defendant] who performed work for [Defendant] in the state of California during the

      period beginning four (4) years prior to the filing of this
      action until the present.

*Id.* ¶ 8. Defendant failed to provide Plaintiff and Class members with accurate, itemized wage statements. *Id.* ¶ 1. In particular, Defendant failed to maintain records of the "total daily hours worked by each non-exempt employee; applicable rates of pay; all deductions; meal periods; [and] time records showing when each non-exempt employee begins and ends each workday." *Id.* ¶ 12. Defendant also lists "Acara Solutions, Inc." as the legal entity that is the employer on Class Member's wage statements, "when the actual legal entity that is the employer of Plaintiff and Class members is 'Superior Talent Resources, Inc.'" *Id.* ¶ 16.

Defendant also violated various provisions of the California Investigate Consumer Reporting Agencies Act ("ICRAA"), *see* Cal. Civ. Code § 1786, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), *see* Cal. Civ Code § 1785.1, by procuring consumer reports of Plaintiff and Class Members without following the required notification procedures. Specifically, Defendant did not provide written notice to Plaintiff and Class Members identifying the consumer reporting agency conducting the investigation, the nature and scope of the investigation, and the specific basis for the report under Labor Code section 1024.5(a), which limits a prospective employer from obtaining a consumer report unless the prospective employee would hold a type of position enumerated by the statute. Compl. ¶¶ 22, 25, 27.

    **B.**    **Procedural History**

Plaintiff filed the Complaint in the Superior Court of California, County of Orange on March 29, 2019. As relevant to this motion, Plaintiff seeks to recover (1) statutory damages under California Labor Code section 226(e) for Defendant's alleged failure to provide accurate wage statements; (2) statutory damages under California Civil Code section 1785.31(a)(2)(A) for Defendant's alleged improper obtaining of consumer reports; and (3) attorney's fees.

On May 22, 2019, Defendant removed pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1. Defendant alleges that there are over 8,000 Class Members; that named Plaintiff Zamarripa is a resident of a different state

than Defendant; and that the amount in controversy for Plaintiff's claims for statutory damages and attorneys' fees exceeds $5,000,000. *Id.* ¶ 10, 12, 14, 25.[1]

Plaintiff seeks to remand the action. In its Opposition, Defendant filed a declaration of its Senior Manager of Business Operations, Jennifer Sullivan. Dkt. 17-1 ("Sullivan Dec.") Ms. Sullivan states that during the four years preceding the filing of the action, Defendant employed approximately 8,000 employees in California as nonexempt employees; that those employees were paid weekly; and that the number of aggregate pay periods of those employees during those four years was 264,045. Sullivan Dec. ¶¶ 3, 7–8.

## II. Legal Standard

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

CAFA allows defendants to remove to federal court class action lawsuits in which the proposed class has at least 100 members and the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5). A federal district court has original jurisdiction over such class actions if the amount in controversy exceeds $5,000,000 and any plaintiff is diverse with respect to any defendant. § 1332(d)(2)(5); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

"'In determining the amount in controversy, courts first look to the complaint.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1993, 1997 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). When the complaint does not allege an amount in controversy, a removing defendant may show that federal jurisdiction is appropriate by pleading a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.,*

---

[1] Plaintiff also seeks to recover actual damages for Defendant's alleged violations. Defendant does not, however, argue or provide evidence as to any specific amount is in controversy with respect to Plaintiff's claims for actual damages.

*LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). However, if the plaintiff disputes the allegation, then the parties must submit evidence to prove their calculations of the amount in controversy by a preponderance of the evidence. *Id.* at 554; *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 976 (9th Cir. 2013). To meet this burden, the defendant must ground its calculation of the amount in controversy in "real evidence" and "reasonable assumptions," not "mere speculation and conjecture." *Ibarra*, 775 F.3d at 1197, 1199. A court may look beyond the pleadings to "'summary-judgment-type evidence'" to determine the amount in controversy. *Id.* at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Under CAFA, "the burden of establishing removal jurisdiction remains … on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). To protect the jurisdiction of state courts, removal jurisdiction should normally be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554; *see also* S. Rep. No. 109-14, p. 43 (2005) (noting CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

### III.   Discussion

Plaintiff does not dispute that the jurisdictional requirements are met as to the number of class members and diversity. *See* Dkt. 14-1. Plaintiff only disputes whether the amount in controversy exceeds $5,000,000. *Id*. Defendant argues the total amount in controversy exceeds $57.5 million. Opp'n at 14. This calculation comprises $32 million related to a failure to maintain records; $13.2 million in wage statement penalties; $11.5 million in attorney's fees; and $800,000.00 in ICRAA/CCRAA violations.

#### A.   Plaintiff's Wage Statements Claims

Plaintiff argues that Defendant fails to show the amount of statutory damages in controversy for Plaintiff's wage statement claims. Mot. at 2. According to Plaintiff, Defendant has proffered no evidence demonstrating the actual number of pay periods or the number of corresponding wage statements provided to class members. *Id*. at 3. Rather, Defendant "simply assumes" that each of the 8,000 class members is entitled to a

maximum of $4,000, resulting in $32 million in damages. *Id*. Plaintiff argues the attestation that there were 208 pay periods in the proposed class period is based on the assumption that each class member was employed during the entire four-year class period, and that this type of guesswork is not sufficient to remove under CAFA. *Id*. at 4.

　　　　Defendant argues that the amount in controversy exceeds $5,000,000 based on several assumptions that Defendant claims are reasonable. Opp'n at 11. First, Defendant argues that it is reasonable to assume a 100 percent violation rate for Plaintiff's wage statements claims because Plaintiff alleges that all putative class members' wage statements listed Acara Solutions, Inc. as their employer which, according to Plaintiff, was not the true name of Defendant. *Id*. Next, Defendant argues that at least one of two assumptions apply: The maximum statutory penalty an employee may recover under Labor Code § 226(e) is $4,000, and it is reasonable to assume the $4,000 maximum penalty applies to each putative class member; or the same section provides for $50 statutory damages for any initial violation and $100 for any violation thereafter. Thus even assuming the "lesser" $50 damages applies to each of the 264,045 pay periods at issue, the amount in controversy is $13,2202,250. *Id*. at 12. Either way, Defendant argues, the amount in controversy exceeds $5,000,000. *Id*.

　　　　The parties raise two related but distinct issues: (1) whether the assumption of a 100 percent violation rate is a proper basis for removal; and (2) whether regardless of the rate of violation, the assumptions underlying the amount of resulting damages is a proper basis for removal. The Court addresses each in turn.

　　　　1.　　**Violation Rate**

　　　　Plaintiff argues that Defendant fails to provide any evidence demonstrating that, for purposes of determining the amount in controversy, a 100 percent violation rate for Plaintiff's wage statement claims is a reasonable assumption. Mot. at 5. Defendant argues that a 100 percent violation rate is implied from Plaintiff's complaint. *See generally* Opp'n.

　　　　While "a damages assessment may require a chain of reasoning that includes assumptions … those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. "[T]he defendant seeking removal bears the burden to show that its estimated amount in controversy relied on reasonable assumptions." *Ibarra*, 775 F.3d at 1197. A defendant may not assume a

100% violation rate solely because Plaintiff alleges that the defendant has "a 'pattern and practice'" of committing a violation. *See id.* at 1198.

California Labor Code section 226(a)(8) requires an employer to furnish paystubs identifying "the name and address of the legal entity that is the employer." Plaintiff generally alleges that Defendant's wage statements violate this provision "by listing 'Acara Solutions, Inc.' as the legal entity that is the employer, when the actual legal entity that is the employer of Plaintiff and Class Members is 'Superior Talent Resources, Inc.'" Compl. ¶ 16. Plaintiff's allegations are somewhat vague as to Defendant's violation rate. On the one hand, Plaintiff alleges that Defendant "routinely" fail[s] to provide Defendant with accurate wage statements. *Id.* ¶ 16. Under *Ibarra*, a routine does not necessarily imply a 100 percent violation rate. On the other hand, Plaintiff defines the proposed class broadly as "[a]ll non-exempt employees of [Defendant] who performed work for Defendant in the state of California" during the four years preceding the Complaint, and alleges that Defendant's "systematic course of illegal practices and policies … was applied to all non-exempt employees in uniform violation[.]" Compl. ¶¶ 8, 10; *accord LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (considering the Plaintiff's class definition in determining whether defendant's assumptions to determine amount in controversy were reasonable).

Generally, "the facts alleged in the complaint … are to be taken as true for purposes of calculating the amount in controversy." *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x. 646, 648 (9th Cir. 2012); *see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'") (citation omitted). Here, however, the evidence submitted by Defendant appears to show that Defendant did not in fact identify the wrong employer on each wage statement issued during the relevant time period. *See Ibarra*, 775 at F.3d at 1198 ("CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure.") Ms. Sullivan, Defendant's senior manager of business operations, states that Defendant changed its name from Superior Talent Resources, Inc. to Acara Solutions, Inc. on March 9, 2018, and filed an Amended Statement by Foreign Corporation with the California Secretary of State on March 15, 2018. Defendant also has held itself out as Acara Solutions, Inc. in each of its filings, even though Plaintiff named Defendant as Superior Talent Resources in the Complaint. The Court also finds relevant that, although Defendant offered evidence of the date on

which it purportedly changed its name, it did not provide evidence regarding the name it listed on wage statements issued prior to March 9, 2018.

In light of the foregoing, the Court finds that it is not reasonable to assume a 100 percent violation rate as to Plaintiff's wage statement claims. Although a factfinder could read Plaintiff's allegations as suggesting that that all Class Members received wage statements containing an incorrect employer name, Plaintiff's allegations are vague, and the limited evidence provided by Defendants suggest this is not the case given its own affirmative evidence of its change of name from Superior Talent Resources, Inc. to Acara Solutions.

### 2. Damages per Wage Statement

Because Defendant's calculations as to the amount in controversy rely on a 100 percent violation rate, and because Defendant does not argue that any other violation rate is a reasonable assumption, Defendant fails to meet its burden of showing the amount in controversy as to Plaintiff's wage statement claims exceeds $5,000,000 (or any specific amount). But even if a 100 percent violation rate were reasonable, Defendant's other assumptions regarding the amount in controversy for Plaintiff's wage statement claims are not reasonable and do not justify removal.

First, Defendant argues that it is reasonable to assume the maximum $4,000 of statutory damages is in dispute for each class member because Plaintiff does not argue otherwise. *See* Mot. at 12. On reply, Plaintiff argues that this assumption is not reasonable because for $4,000 to be in dispute, each Class Member would have to work at least 41 pay periods. Reply at 3. If all Class members worked at least 41 pay periods, Plaintiff argues, the aggregate number of pay periods for the class would be at least 328,000. *Id*. Because Defendant states that the aggregate number of pay periods is 264,045, Plaintiff argues that it is not reasonable to assume $4,000 is in dispute for all Class Members. *Id*.

The Court agrees with Plaintiff's arguments. Assuming 8,000 class members were employed a total of 264,045 pay periods, each Class Member was employed for an average of approximately 33 pay periods during the relevant time period. Plaintiff is correct that under Labor Code section 226(e), it takes at least 41 pay periods for an employee to obtain the maximum statutory damages of $4,000. (An employee may obtain $50 for the first violation, and $100 violation for each subsequent violation, up to $4,000. *See* Cal. Lab Code § 226(e).) Therefore, it is unreasonable to assume $4,000 in statutory damages is in dispute for each Class Member. The only amount for which the

Court can reasonably assume is in dispute for each Class Member is $50 for the first statutory violation. It is possible that at least some of the Class Members were employed for only one pay period during the relevant time period, and Defendant does not provide any evidence rebutting this reasonable assumption.

Defendant next argues that even if the lesser $50 in statutory damages is in dispute for each of the aggregate 264,045 pay periods, removal is still proper under CAFA. Opp'n at 12. Plaintiff claims this too is an unreasonable assumption for the same reason it argues a 100% violation rate is unreasonable. As stated above, the Court agrees that a 100 percent violation rate is not a reasonable assumption. Defendant cannot simply multiply 264,045 pay periods by $50.00 per violation because even with the additional information provided by Defendant, there is still a missing link in the chain of analysis to support Defendant's assumed 100 percent rate. Defendant's conclusory declaration is not sufficient to meet Defendant's burden. Defendant has failed to prove by a preponderance of the evidence that either $32 million or $13,202,250 is in controversy with respect to Plaintiff's wage statement and derivative claim for failure to maintain required records.

For the reasons stated above, Defendant fails to meet its burden of showing the amount in controversy for Plaintiff's wage statement claims exceeds $5,000,000 (or exceeds any specific amount).

### B.　Attorney's Fees

According to Defendant, the amount in controversy for Plaintiffs' attorney's fees is $11,300,562.50 based on a 25 percent benchmark in class actions. Opp'n at 13. Plaintiff argues that Defendant fails to prove the amount of attorney's fees in controversy because Defendant's calculations are derivative of its other erroneous assumptions. *See generally* Reply.

In *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018), the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." At the same time, however, the Ninth Circuit held that a defendant may not simply assume the amount of attorney's fees in controversy in a class action is 25% of the total potential recovery, without providing additional evidence.

> [W]e reject Swift's argument that we should hold that, as a matter of law, the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery. Swift

> argues that this per se rule is appropriate because, in common fund cases, we have estimated reasonable attorneys' fees to be 25 percent of the total recovery. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Such a per se equitable rule is inapplicable in this context, however. As we have already explained, the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence; we may not relieve the defendant of its evidentiary burden by adopting a per se rule for one element of the amount at stake in the underlying litigation.

*Id.* at 796 (internal footnote omitted.); *see also Akana v. Estee Lauder Inc.*, No. LA CV19-00806, 2019 WL 2225231, at *8 (C.D. Cal. May 23, 2019) (refusing to hold that 25 percent of total recovery was reasonable estimate of plaintiff's potential attorneys' fees in wage and hour class action where defendant did not provide other evidence); *see also Snow v. Watkins and Shepard Trucking, Inc.*, 2019 WL 1254571, at *4 (C.D. Cal. March 18, 2019) ("In light of *Fritsch* … Defendant's argument in favor of a 25 perecent benchmark fee award does not prove by a preponderance of the evidence its contention that the putative class would recover $798,120.56 in attorneys' fees.)

Defendant does not provide any evidence in support of its calculations as to the amount of attorneys' fees in controversy. It simply asks the Court to adopt the 25 percent benchmark. Accordingly, Defendant fails to meet its burden. Thus even assuming Defendant mas met its burden demonstrating the amount in controversy for the ICRAA and CCRAA is $800,000, Defendant has not met its burden.

## IV. Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of the State of California, County of Orange.

The Clerk shall serve this minute order on the parties.